**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2956-18T1

IN THE MATTER OF JUAREZ
HILL, CITY OF NEWARK
DEPARTMENT OF
NEIGHBORHOOD AND
RECREATIONAL SERVICES.

_____

Submitted May 26, 2020 – Decided June 9, 2020

Before Judges Fasciale and Mitterhoff.

On appeal from the New Jersey Civil Service Commission, Docket No. 2016-1885.

Cynthia Hughes Hardaway, attorney for appellant Juarez Hill.

John J. Zidziunas and Associates, LLC, attorneys for respondent City of Newark, Department of Neighborhood and Recreational Services (John J. Zidziunas and Jeff V. Fucci, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent New Jersey Civil Service Commission (Jonathan S. Sussman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Juarez Hill appeals from a final agency decision by the Civil Service Commission (the Commission), upholding his termination as a code enforcement officer for the City of Newark Code Enforcement Department on charges of conduct unbecoming of a public employee, misuse of public property, and other sufficient cause, N.J.A.C. 4A:2-2.3(a)(6), (8), and (12). Hill primarily argues that the City of Newark, Department of Neighborhood and Recreational Services (City), failed to establish its burden that Hill stole a computer.

Hill worked for the City in the Code Enforcement Department for approximately fourteen years. On December 30, 2014, City officials discovered that a work computer was missing. Video surveillance outside of City Hall, where Hill worked, showed him leaving the building at 6:01 p.m. on December 29, 2014, pushing a cooler that contained a computer. At that time, Hill was on vacation and did not have a computer assigned to him.

The City immediately suspended Hill. After conducting a disciplinary hearing, the City sustained the charges and terminated Hill's employment. Hill appealed his termination to the Commission, and an administrative law judge (ALJ) heard the matter as a contested case. The ALJ heard witness testimony, viewed the surveillance video, reviewed other documentary evidence, and she

2

upheld the City's decision. The Commission ultimately adopted the ALJ's recommendation.

We conclude that Hill's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following brief remarks.

This court gives "substantial deference to an agency's imposition of a disciplinary sanction, based on its 'expertise and superior knowledge of a particular field.'" In re Hendrickson, 235 N.J. 145, 158-59 (2018) (quoting In re Herrmann, 192 N.J. 19, 28 (2007)). We owe an agency decision a "strong presumption of reasonableness." In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993), aff'd, 135 N.J. 306 (1994)). We will not substitute our judgment for that of the administrative agency. Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 587 (1988). This court also "will not upset a determination by the Commission in the absence of a showing that it was arbitrary, capricious or unreasonable . . . that it lacked fair support in the evidence, or that it violated legislative policies expressed or implicit in the civil service act." Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963); Hendrickson, 235 N.J. at 160.

A-2956-18T1

Multiple witnesses testified before the ALJ, and they identified the computer in the cooler that Hill was wheeling out of City Hall.  The ALJ found certain witnesses credible, stating that they were City employees—familiar with Hill and the equipment—and that they had no motivation to lie. The Commission independently reviewed the record, evaluated the parties' submissions, and determined—like the ALJ—that the City appropriately terminated Hill.  The Commission's decision is reasonable and supported by adequate evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2956-18T1